**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| LONE STAR STATE DEVELOPMENT 1, L.L.C., | § § § | |
| *Plaintiff,* | § § | |
| and | § § | |
| FINLAY DEVELOPMENT, LLC, | § § | |
| *Intervening Plaintiff,* | § § | |
| v. | § § | No. 2-09CV-221-J |
| MULTI-HOUSING TAX CREDIT PARTNERS LII, L.P. and MULTI-HOUSING INVESTMENTS, L.L.C., | § § § § | |
| *Defendants, Counter-Claimants and Third-Party Plaintiff (in the case of MHI)* | § § § § | |
| v. | § § | |
| CHRISTOPHER FINLAY and FINLAY HOLDINGS, INC., | § § § | |
| *Third-Party Defendants.* | § | |

**BRIEF IN SUPPORT OF THIRD-PARTY DEFENDANTS'**
**MOTION TO DISMISS THIRD-PARTY COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12 (b)**

**CONCURRENCE SOUGHT BUT NOT OBTAINED**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

INDEX OF AUTHORITIES ....................................................................................... iii

INDEX OF EXHIBITS ............................................................................................... vi

STATEMENT OF ISSUES ........................................................................................ vii

CONTROLLING OR APPROPRIATE AUTHORITIES .......................................... viii

I. RELEVANT FACTS AND PROCEDURAL HISTORY ......................................... 1

II. ARGUMENT .......................................................................................................... 2

THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT SHOULD BE DISMISSED
PURSUANT TO FED. R. Civ. P. 12(b). ................................................................... 2

A. Third-Party Plaintiff's Third-Party Complaint Should Be Dismissed For Lack Of
Jurisdiction.  Fed. R. Civ. P. 12(b)(1) and (2). .................................................... 2

   1.  This Court Lacks Subject Matter Jurisdiction Over The Third-Party Complaint.  Fed. R.
   Civ. P. 12(b)(1). ................................................................................................ 3

   2.  This Court Lacks Personal Jurisdiction Over Third-Party Defendants.  Fed. R. Civ. P.
   12(b)(2). ............................................................................................................ 4

B. Venue In The Northern District Of Texas Is Not Proper For The Third-Party Complaint.
Fed. R. Civ. P. 12(b)(3). ........................................................................................ 6

C. Under Any Circumstance, This Court Should Decline Jurisdiction Because It Is An
Inconvenient Forum For The Third-Party Complaint.  Fed. R. Civ. P. 12(b)(1) and (2)..... 7

D. Third-Party Plaintiff's Third Party Complaint Should Be Dismissed For Failure To State
A Claim.  Fed. R. Civ. P 12(b)(6). ....................................................................... 10

   1.  Third-Party Plaintiff's Third-Party Complaint Is Improper Because It Is Not Derivative
   Of The Main Claims In The Instant Matter. .................................................... 10

   2.  Third-Party Plaintiff Is Not Entitled To Equitable Relief. ............................ 14

      a)   Third-Party Plaintiff's Equitable Setoff Claim Is Improper Where Mutuality Does
      Not Exist.......................................................................................................... 14

b)     In Any Event, Third-Party Plaintiff Is Not Entitled To Equitable Relief Where A Remedy At Law Exists. ........................................................................................ 16

c)     Third-Party Plaintiff Cannot Obtain Equitable Relief For Amounts Owed By A Non-Party To The Instant Action. ......................................................................... 17

E. Third-Party Plaintiff's Complaint Should  Be Dismissed For Failure To Join All The Necessary Parties.  Fed. R. Civ. P. 12(b)(7). ....................................................... 17

III. CONCLUSION AND REQUESTED RELIEF ................................................................... 20

## INDEX OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Vinson Exploration, Inc.*,
  832 S.W.2d 657 (Tex. App. 1998, writ denied).................................................................15

*Baumgart v. Fairchild Aircraft Corporation*,
  981 F.2d 824 (5th Cir. 1993) ..............................................................................................8, 9

*Benzon v. Morgan Stanley Distribs., Inc.*,
  420 F.3d 598 (6th Cir. 2005) ..................................................................................................3

*Brook Mays Organ Co., Inc. v. Sondock*,
  551 S.W.2d 160 (Tex. Civ. App. 1977) ....................................................................15, 16, 17

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).................................................................................................................5

*Cable v. United States Life Insurance Company*,
  191 U.S. 288 (1903)...............................................................................................................17

*Capital Concepts Properties 85-1 v. Mutual First, Inc.*,
  35 F3d 170 (5th Cir. 1994) ...........................................................................................15, 16, 17

*Clark v. Paul Gray, Inc.*,
  306 U.S. 583 (1939).................................................................................................................3

*Dallas/Fort Worth Airport Bank v. Dallas Bank & Trust Co.*,
  667 S.W.2d 572 (Tex. App. 1984)...................................................................................16, 17

*Exxon Mobil Corp. v. Allapattah Servs.*,
  545 U.S. 546 (2005).............................................................................................................3, 4

*Frost Nat'l Bank v. Burge*,
  29 S.W.3d 580 (Tex. App. 2000)..........................................................................................17

*HEI Resources East OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., Inc.*,
  2009 U.S. Dist. LEXIS 81730 (S.D. Tex. Sept. 9, 2009) ......................................11, 12, 13, 14

*Holt Oil & Gas Corp. v. Harvey*,
  801 F.2d 773 (5th Cir. 1986), cert. denied, 481 U.S. 1015, 95 L. Ed. 2d 499, 107 S.
  Ct. 1892 (1987) ........................................................................................................................5

*Horn v. Daniel*,
  315 F.2d 471 (10th Cir. 1962) ...............................................................................................11

*Hydrokinetics, Inc. v. Alaska Mech., Inc.*,
   700 F.2d 1026 (5th Cir. 1983) ...............................................................................5

*In re Air Crash Disaster Near New Orleans, La.*,
   821 F.2d 1147 (5th Cir. 1987) ...............................................................................8

*Kohn v. Teleprompter Corp.*,
   22 FRD 259 (S.D. N.Y. 1958) ...............................................................................11

*Kottmyer v. Maas*,
   436 F.3d 684 (6th Cir. 2006) ...............................................................................3

*McCain v. Clearview Dodge Sales, Inc.*,
   574 F.2d 848 (5th Cir. 1978) ................................................................10, 12, 13, 14

*Moncrief Oil International, Inc. v. OAO Gazprom*,
   481 F.3d 309 (5th Cir. 2007) ...............................................................................5, 6

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981)...............................................................................8

*Republic Supply Co. v. Barrow*,
   41 S.W.2d 457 (Tex. App. 1931)................................................................19, 21, 22

*Rogers v. Daniel Oil & Royalty Co.*,
   130 Tex. 386 (1937)...............................................................................17

*Saunders v. T. B. Howard*,
   51 Tex. 23 (1879)...............................................................................18

*Wien Air Alaska, Inc. v. Brandt*,
   195 F.3d 208 (5th Cir. 1999) ...............................................................................4, 5, 6

*Wilson v. Belin*,
   20 F.3d 644 (5th Cir.), cert. denied, 513 U.S. 930, 130 L. Ed. 2d 282, 115 S. Ct. 322
   (1994)...............................................................................5

*Zimmerman v. Bond*,
   392 S.W.2d 149 (Tex. App. 1965)................................................................19, 20, 21

## STATUTES

28 U.S.C. § 1332(a) ...............................................................................3, 4

28 USCS § 1391 (a) ...............................................................................7, 8, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1).................................................................................................3

Fed. R. Civ. P. 12(b)(1) and (2) .....................................................................................3

Fed. R. Civ. P. 12(b)(1), (2), (3), (6) and (7) ................................................................2

Fed. R. Civ. P. 12(b)(2)..................................................................................................4

Fed. R. Civ. P. 12(b)(3)..................................................................................................6

Fed. R. Civ. P. 12(b)(6).........................................................................................2, 3, 10

Fed. R. Civ. P. 12(b)(7)................................................................................................18

Fed. R. Civ. P. 14(a)(1).................................................................................10, 12, 13, 14

Rule 14 ................................................................................................................ passim

## <u>INDEX OF EXHIBITS</u>

Exhibit A:          *HEI Resources East OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., Inc.*, 2009 U.S. Dist. LEXIS 81730 (S.D. Tex. Sept. 9, 2009)

Exhibit B:          Affidavit Of Christopher C. Finlay

Exhibit C:          Consent Order Granting Plaintiff's Motion for Leave To File Amended Complaint dated August 29, 2008, with accompanying First Amended Complaint

## <u>STATEMENT OF ISSUES</u>

1.      Whether the third-party complaint should be dismissed where this Court does not have subject-matter jurisdiction.

2.      Whether the third-party complaint should be dismissed where this Court does not have personal jurisdiction.

3.      Whether the third-party complaint should be dismissed where venue in this Court is improper.

4.      Whether the Court should decline jurisdiction where venue is inconvenient.

5.      Whether the third-party complaint should be dismissed where third-party plaintiff's claims against the third-party defendants do not state a claim on which relief may be granted.

6.      Whether the third-party complaint should be dismissed where Defendant is not entitled to equitable relief.

## <u>CONTROLLING OR APPROPRIATE AUTHORITIES</u>

**Page(s)**

CASES

*Cable v. United States Life Insurance Company*,
    191 U.S. 288 (1903)..................................................................................................13

    [It is a fundamental precept of law that a party is not entitled to equitable relief where
    an adequate remedy at law exists.]

*Capital Concepts Properties 85-1 v. Mutual First, Inc.*,
    35 F3d 170 (5th Cir. 1994) .........................................................................11, 12, 13

    [Equitable setoff "bring[s] together obligations of the parties opposing each other and,
    by judicial action, makes each obligation extinguish the other."]

    [The object of equitable setoff is to adjust the demands between the parties and allow
    recovery of the balance due.]

    [In order for equitable setoff to exist, both demands must mutually exist between the
    same parties.]

*HEI Resources East OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., Inc.*,
    2009 U.S. Dist. LEXIS 81730 (S.D. Tex. Sept. 9, 2009) ...............................4, 5, 6, 7

    [A third-party claim must be derivative of the outcome of the main claim and bring in
    parties that may be liable to the defendant if the defendant is found liable to the
    plaintiff.]

    [Rule 14 does not allow a party to assert an unrelated claim for the purpose of
    offsetting the defendants' liability to the plaintiff.]

*McCain v. Clearview Dodge Sales, Inc.*,
    574 F.2d 848 (5th Cir. 1978) .........................................................................4, 5, 6, 7

    [A third-party complaint is improper under Rule 14 if "the defendant cannot show a
    basis for the third-party defendant's liability to the defendant/third-party plaintiff."]

    ["[T]he third party must necessarily be liable over to defendant for all or part of
    plaintiff's recovery."]

*Saunders v. T. B. Howard*,
    51 Tex. 23 (1879)..................................................................................................14

    [Plaintiff is not entitled to judgment until all necessary parties are included so that
    their respective equities may be considered and adjudicated.]

*United States v. Joe Grasso & Son, Inc.*,
   380 F.2d 749 (5th Cir. 1967) ........................................................................... passim

   [Federal Rule of Civil Procedure 14 requires that the liability of the third-party be
   dependant on the outcome of the main claim.]

*Zimmerman v. Bond*,
   392 S.W.2d 149 (Tex. App. 1965) ..............................................................9, 10, 11

   [The inclusion of the primary obligor is a condition precedent to the plaintiff's right
   to maintain a suit against the guarantor and the burden is on the plaintiff to both plead
   and prove facts as to why the principal obligor was not made a party to the suit.]

   [Plaintiff must add the principal obligor as a defendant or plead and prove facts why
   the principal obligor cannot be joined as a defendant as a condition precedent to
   maintaining a suit against a guarantor]

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .................................................................................................2, 3

   [A party in a case may assert by motion that the case or certain claims should be
   dismissed because there has been a failure to state a claim upon which relief can be
   granted.]

Fed. R. Civ. P. 14 ......................................................................................................... passim

   [A defendant party may, as a third-party plaintiff, serve a summons and complaint on a
   **nonparty who is or may be liable to it for all or part of the claim against it.** (Emphasis
   added).]

   [But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-
   party complaint more than 10 days after serving its original answer.]

## I.  RELEVANT FACTS AND PROCEDURAL HISTORY

The instant case arises from a dispute between Plaintiff Lone Star State Development 1, LLC ("Lone Star") and Defendant/Counter-Plaintiff Multi-Housing Tax Credit Partners LII, LP ("MHTCP") and Defendant/Counter-Plaintiff/Third-Party Plaintiff Multi-Housing Investments, LLC ("MHI") related to a partnership agreement for the financing and development of a multi-family apartment complex located in Amarillo, Texas, and known as Town Parc at Amarillo.

Lone Star initiated the above matter by filing Plaintiff's Original Petition And Request For Injunction with the 97883-D District Court in and for Potter County, Texas, on or about August 26, 2009.  On September 1, 2009, MHTCP and MHI removed the instant case from the 97883-D District Court in and for Potter County, Texas to the United States District Court for the Northern District of Texas – Amarillo Division.  *See*, Notice Of Removal Of Civil Action [Docket No. 1].  MHTCP and MHI filed their answer and application for injunctive relief on or about September 10, 2009. [Docket Number 24]. This Court entered its Order Granting Motion For Temporary Restraining Order in favor of Lone Star on September 15, 2009, and such Temporary Restraining Order was extended on September 18, 2009.  [Docket Numbers 9 and 12, respectively].  On September 23, 2009, an Agreed Order Granting Preliminary Injunction was entered, *inter alia*, enjoining MHTCP and MHI from removing Lone Star as the general partner of the partnership, allowing the parties to convert the construction loan to a permanent loan within 21 days of the date of the order, and allowing Finlay Development, LLC ("Finlay Development") to file its complaint in intervention.  [Docket Number 15].  Finlay Development filed its complaint in intervention against MHI and MHTCP on November 16, 2009.  [Docket Number 21].  MHTCP and MHI filed their answer to the complaint in intervention on December 7, 2009. [Docket Number 24].

On December 17, 2009, MHI filed its third-party complaint against Christopher Finlay ("C. Finlay") and Finlay Holdings, Inc. ("Finlay Holdings") [C. Finlay and Finlay Holdings are collectively referred to "Third-Party Defendants"]  (the "Third-Party Complaint").  MHI's Third-Party Complaint consists of two claims: (1) Equitable Setoff Based On Guaranty Obligations (First Third-Party Claim) related to a separate and distinct contract regarding the development of real property located in Paris, Texas; and (2) Equitable Setoff Based On Guaranty Obligations (Second Third-Party Claim) related to a separate and distinct contract regarding the development of real property located in Benton Harbor, Michigan.  *See,* Third-Party Complaint at 4-8 [Docket Number 29].  The above alleged guaranty obligations arise out of contracts and development projects which are separate and distinct from the partnership agreement which is the basis of Lone Star's claims in the instant case and the development agreement which is the basis of Finlay Development's claims in intervention.  In its Third-Party Complaint, MHI makes no allegation that Third-Party Defendants would be liable to it if MHI is found liable to Lone Star or Finlay Development.  *Id.*

Third-Party Defendants bring this instant motion pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (6) and (7).  For the reasons stated below, the Third-Party Complaint should be dismissed. Accordingly, Third-Party Defendants respectfully request that this Honorable Court dismiss the Third-Party Complaint.

## II.  ARGUMENT

### THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. Civ. P. 12(b).

**A.      Third-Party Plaintiff's Third-Party Complaint Should Be Dismissed For Lack Of Jurisdiction.  Fed. R. Civ. P. 12(b)(1) and (2).**

2

**1.      This Court Lacks Subject Matter Jurisdiction Over The Third-Party Complaint.  Fed. R. Civ. P. 12(b)(1).**

In its Third-Party Complaint, MHI fails to plead facts which establish this Court's subject matter jurisdiction over the Third-Party Complaint.  Third-Party Complaint [Docket Number 29]. Where the plaintiff fails to meet its burden on establishing the Court's jurisdiction over the claim, it should be dismissed.  *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554-555 (2005).

A federal court has diversity jurisdiction over a suit where: (1) the controversy is between parties of diverse citizenship, and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  It is the plaintiff's duty to allege facts showing that the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.*  Where a plaintiff fails to establish the jurisdictional amount with respect to his own claim, the suit should be dismissed as to those plaintiffs who fail to show that the requisite amount is involved.  *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554-555 (2005), citing *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939).

In the instant case, MHI fails to set forth any factual allegations that its third-party claims against Third-Party Defendants exceed $75,000, excluding interest and costs.  *See,* Third-Party Complaint.  In fact, MHI does not set forth any allegations related to the amount it alleges it is seeking from C. Finlay and/or Finlay Holdings.  *Id.*   Clearly, MHI fails to meet the pleadings requirements to establish a diversity jurisdiction in this Court related to its Third-Party Complaint.  *Exxon Mobil Corp.*, *supra*, 554-555; 28 U.S.C. § 1332(a).  Because MHI fails to set forth any factual allegations establishing that its claims against C. Finlay and/or Finlay Holdings in its Third-Party Complaint is in excess of the statutory requirement of $75,000, the Third-Party Complaint should be dismissed.  *Exxon Mobil Corp.*, *supra*, 554-555.

MHI fails to meet its burden of establishing that its damages exceed $75,000, and, therefore, its Third-Party Complaint should be dismissed for lack of subject matter jurisdiction. *Id.*

### 2.   This Court Lacks Personal Jurisdiction Over Third-Party Defendants.  Fed. R. Civ. P. 12(b)(2).

In its Third-Party Complaint, MHI fails to plead facts which establish this Court's jurisdiction over the Third-Party Complaint.  Third-Party Complaint [Docket Number 29]. Under any circumstance, the facts clearly establish that this Court lacks personal jurisdiction over C. Finlay and Finlay Holdings.  Where a court does not have personal jurisdiction over a defendant, the case should be dismissed.  Fed. R. Civ. P. 12(b)(2).

The plaintiff has the initial burden of establishing a *prima facie* case of personal jurisdiction over Defendants. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930, 130 L. Ed. 2d 282, 115 S. Ct. 322 (1994). The exercise by a court of personal jurisdiction over a nonresident defendant is consistent with due process when that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with Texas such that the defendant could "reasonably anticipate" being haled into court in the forum state, and the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Wien Air Alaska*, *supra*, at 211; *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986), cert. denied, 481 U.S. 1015, 95 L. Ed. 2d 499, 107 S. Ct. 1892 (1987).   The plaintiff's unilateral activities cannot establish minimum contacts between the defendant and the forum state, especially where the contract does not require performance in the forum state. *Hydrokinetics, Inc. v. Alaska Mech., Inc.,* 700 F.2d 1026, 1028-29 (5th Cir. 1983).  Random,

fortuitous or attenuated contacts are not sufficient to establish jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

In *Moncrief Oil International, Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007), the court held that the plaintiff did not establish jurisdiction in Texas over the defendants because, *inter alia*, minimum contacts with the jurisdiction were not established.  *Moncrief*, *supra*, at 310. The court found that, as to defendant OAO Zapsibgazprom ("Zapsib"), Texas was not the "hub of the parties' activities" in relation to the subject contract.  *Id.* at 312-313.  Zapsib's contractual duties were performed in Mexico and Russia, while the plaintiff's duties could be performed anywhere, as it was an international company, but occurred in Texas where it is headquartered. *Id.*  The court held that the mere contracting with a Texas company and the plaintiff's unilateral actions in Texas were not sufficient contacts to establish jurisdiction.  *Id.*

In the instant case, MHI has not met its burden of establishing that this Court has jurisdiction over Third-Party Defendants.  *Wien Air Alaska*, *supra*, 211.  There are no allegations contained in the Third-Party Complaint regarding to jurisdiction over Third-Party Defendants. *See*, Third-Party Complaint [Docket Number 29].  In any event, this Court does not properly have jurisdiction over C. Finlay and Finlay Holdings.  C. Finlay and Finlay Holdings are residents of Florida, not of Texas.  Affidavit Of Christopher C. Finlay ("Finlay Affidavit") at ¶¶ 3 and 6-7, a copy of which is attached as Exhibit B.  Neither C. Finlay nor Finlay Holdings maintain offices in Texas.  *Id.* at ¶¶ 9-11 and 13.  Further, neither C. Finlay nor Finlay Holdings consented to jurisdiction in Texas.  *Id.* at ¶¶ 14-15.  Third-Party Defendants do not have the requisite minimum contact with Texas to impose jurisdiction over them.  *Wien Air Alaska*, *supra*, at 211.  C. Finlay does not conduct regular and systematic business in Texas.  Finlay Affidavit at ¶ 16.  Like the defendants in *Moncrief* neither C. Finlay nor Finlay Holdings were required to

conduct any activities related to the developer contracts at issued in the Third-Party Complaint in Texas.  Finlay Affidavit at ¶¶ 17-19; *Moncrief*, *supra*, at 312-313.  The subject developer agreements merely require Third-Party Defendants in Florida to potentially render payment to MHI in Colorado, something that Third-Party Defendants are not required to perform in Texas, but can be performed anywhere.  *Id.*  Moreover, MHI is not a Texas company with which Third-Party Defendants contracted and any unilateral actions it may have taken in Texas is not sufficient to establish jurisdiction in Texas over Third-Party Defendants.  *Moncrief*, *supra*, at 312-313.

Accordingly, this Court should dismiss the Third-Party Complaint for lack of personal jurisdiction over Third-Party Defendants.

B.     **Venue In The Northern District Of Texas Is Not Proper For The Third-Party Complaint.  Fed. R. Civ. P. 12(b)(3).**

The Third-Party Complaint does not allege proper venue in this Court and appears to incorrectly rely on this presumption.  As explained below, this Court is not the proper venue for the third-party claims.  28 USCS § 1391 (a).

Generally, in diversity cases, venue is established as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 USCS § 1391 (a).

In the instant case, jurisdiction in the Northern District of Texas is improper.  As described above, C. Finlay is not a resident of the State of Texas, but is a resident of Florida.  C. Finlay Affidavit at ¶¶ 3, 6-7 and 12.  Further, Finlay Holdings is not incorporated in Texas, nor does it maintain offices in Texas.  *Id.* at ¶¶ 9-11.  Rather, Finlay Holdings is a Florida corporation with its principal offices in Florida.  *Id.*   Clearly, the first test, where defendants reside, is not met to establish venue in this district.  28 USCS § 1391 (a).  Additionally, the claims asserted by MHI in its Third-Party Complaint involve real property located in Paris, Texas and in Benton Harbor, Michigan.  Third-Party Complaint at 2, ¶ 1 [Docket Number 29].  Paris, Texas is located in Lamar County.  Lamar County, Texas is not within the United States District Court for the Northern District of Michigan's jurisdiction.  Benton Harbor, Michigan clearly is not within the United States District Court for the Northern District of Texas' jurisdiction as it is in another state.  Clearly, venue over MHI's asserted third-party claims is not proper in this Court where the events at issue in the Third-Party Complaint did not occur in this district and the real properties, which are the subject of the third-party claims, are not located within this district.  28 USCS § 1391 (a).  As described above, the third test to establish venue is not met as this Court does not have personal jurisdiction over C. Finlay and Finlay Development.  28 USCS § 1391 (a).

Accordingly, this Court should dismiss the Third-Party Complaint because of lack of appropriate venue.

**C.      Under Any Circumstance, This Court Should Decline Jurisdiction Because It Is An Inconvenient Forum For The Third-Party Complaint.  Fed. R. Civ. P. 12(b)(1) and (2).**

This Court is an inconvenient forum for the third-party claims against C. Finlay and Finlay Holdings.  A court may decline to exercise its jurisdiction, even if it apparently has

jurisdiction and venue, where the convenience of the court and the parties and the interests of justice indicate that another forum is more appropriate. *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1155 (5th Cir. 1987), citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981). The Fifth Circuit Court of Appeals has set forth a three part analysis to determine whether to decline jurisdiction under the doctrine of *forum non-conveniens*: (1) whether another forum exists that would provide an adequate remedy; (2) a balance of the private interests factors;[1] and (3) whether the motion to dismiss was timely filed. *Baumgart v. Fairchild Aircraft Corporation*, 981 F.2d 824, 835-836 (5th Cir. 1993).

Here, the instant forum is clearly inconvenient. Clearly, another forum exists where MHI can receive an adequate remedy for its claims. As discussed in further detail below, a lawsuit is currently pending in Florida where the same claims and allegations are being brought against C. Finlay and Finlay Holdings by MHI's successor in interest. MHI clearly has an opportunity to obtain relief, if it still has an interest in its alleged claims, as a plaintiff in that matter without resorting to duplicative litigation in this forum. Further, the "public interests" factors weigh in favor of this Court declining to exercise its jurisdiction over this matter. C. Finlay and Finlay Holdings maintain offices in Duval County, Florida. Finlay Affidavit at ¶¶ 10-11. Their books and records containing the relevant documents related to the Third-Party Complaint are maintained in their Florida offices. *Id.* at ¶ 21. Additionally, the potential witnesses on behalf of C. Finlay and Finlay Holdings with knowledge regarding the allegations in the Third-Party Complaint all reside and work in Florida. *Id.* at ¶ 20. This Court would likely have difficulties obtaining process over any unwilling witnesses that reside outside of this Court's jurisdiction.

---

[1] The private interests factors include: (1) ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and cost to attendance; and (3) other factors affecting the ease, speed and expense of the trial. *Baumgart*, *supra*, at 335-336, citing *In re Air Crash Disaster*, *supra*, at 1162-1163.

MHI is not a resident of Texas and this forum is no more convenient for it than is Florida. Clearly, for the speed, expense and ease of trial, Duval County, Florida is a more appropriate venue for the claims contained in the Third-Party Complaint. *Baumgart*, *supra*, at 835-836. Moreover, any judgment rendered by this Court would need to be adopted by the Florida courts to be enforceable against C. Finlay and Finlay Holdings, another public interest factor which weighs in favor of this Court declining to exercise jurisdiction over the Third-Party Complaint. *Id.* at 836.  Additionally, the motion to dismiss was timely filed as C. Finlay's and Finlay Holdings' response to the Third-Party Complaint.  It is clearly appropriate for this Court to decline to exercise jurisdiction over the Third-Party Complaint based on the doctrine of *forum non-conveniens*.

Moreover, the claims asserted by MHI against C. Finlay and Finlay Holdings related to the projects in Paris, Texas and Benton Harbor, Michigan are currently being adjudicated in a case filed with the Circuit Court, Fourth Judicial Circuit, In And For Duval County Florida, and to which MHI's successor-in-interest is a party.  On or about October 17, 2007, Simpson Housing Solutions, LLC initiated a civil action against C. Finlay, Finlay Holdings and Finlay Properties, Inc. by filing their summons and complaint in the Circuit Court, Fourth Judicial Circuit, In And For Duval County Florida, assigned Case Number 16-2007-CA-009482 (the "Florida Lawsuit").  On or about August 29, 2008, by Order of the court in the Florida Lawsuit, Simpson Housing Solutions, LLC was granted leave to file its amended complaint.  The amended complaint included the addition of several plaintiffs.  Consent Order Granting Plaintiff's Motion For Leave To File Amended Complaint and accompanying Amended Complaint is attached as Exhibit C.  The named plaintiffs pursuant to the amended complaint include Multi-Housing Tax Credit Investments. XXXVII, LLC, successor to MHI.  *Id.*  The

named defendants in the amended complaint are C. Finlay and Finlay Holdings. *Id.* Count II and Count III of the Amended Complaint in the Florida Lawsuit are the exact same claims MHI is asserting in its in the Third-Party Complaint against C. Finlay and Finlay Holdings. *Compare* Third-Party Complaint at 4-6 [Docket Number 29] *to* Exhibit C. These claims are still pending before the Florida court and have not been dismissed. Particularly where the Third-Party claims against C. Finlay and Finlay Holdings are pending in another jurisdiction, this Court should decline to exercise jurisdiction over MHI's instant third-party claims.

Clearly, it is appropriate for this Court to decline to exercise jurisdiction over the Third-Party Complaint.

> **D.      Third-Party Plaintiff's Third Party Complaint Should Be Dismissed For Failure To State A Claim.  Fed. R. Civ. P 12(b)(6).**
>
> > **1.      Third-Party Plaintiff's Third-Party Complaint Is Improper Because It Is Not Derivative Of The Main Claims In The Instant Matter.**

MHI filed a Third-Party Complaint against C. Finlay and Finlay Holdings containing two claims for "equitable setoff" based on alleged guarantees related to contracts separate and distinct from the partnership agreement and development on which the original and intervenor claims against MHI are based, respectively. Third Party Complaint at 4-8 [Docket Number 29]. MHI's Third-Party Complaint is improper under Fed. R. Civ. P. 14(a)(1) and should be dismissed where MHI's claims against C. Finlay and Finlay Holdings are not derivative of the claims against MHI. *United States of America v. Grasso*, 380 F.2d 749, 751-752 (5th Cir. 1967).

Pursuant to Fed. R. Civ. P. 14(a)(1):

> A defendant party may, as a third-party plaintiff, serve a summons and complaint on a ***nonparty who is or may be liable to it for all or part of the claim against it.*** …

10

(Emphasis added).  The Fifth Circuit Court of Appeals explicitly held that a third-party complaint is improper under Rule 14 if "the defendant cannot show a basis for the third-party defendant's liability to the defendant/third-party plaintiff."  *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-850 (5th Cir. 1978);  *Grasso*, *supra*, at 752 ("[T]he third party must necessarily be liable over to defendant for all or part of plaintiff's recovery").  An entirely separate and independent claim cannot be maintained against a third-party under Rule 14 even if it arises out of the same general set of facts as the main claim.  *Grasso*, *supra*, at 751, citing *Horn v. Daniel*, 315 F.2d 471, 474 (10th Cir. 1962), and *Kohn v. Teleprompter Corp.*, 22 FRD 259 (S.D. N.Y. 1958).  Federal Rule of Civil Procedure 14 requires that the liability of the third-party be dependant on the outcome of the main claim.  *Grasso*, *supra*, at 752.

In *HEI Resources East OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., Inc.*, 2009 U.S. Dist. LEXIS 81730 (S.D. Tex. Sept. 9, 2009), defendant S. Lvon Evans, Jr. Operating Co., Inc. and related parties (the "Evans Parties") filed a third-party complaint against Heartland Energy Land Operating , LP, Heartland Energy of Colorado, LLC, HEI Resources, Inc. and Reed Cagle (the "Heartland Parties") for breach of contract.  *HEI Resources East*, *supra*, at *1-4; a copy of *HEI Resources East* is attached as Exhibit A.  The Evans Parties' breach of contract claim against the Heartland Parties was separate and distinct from the plaintiff's claim.  *Id.* at *5.  The district court, on its own motion, ordered the third-party plaintiffs and defendants to show cause why the third-party complaint should not be dismissed.  *Id.* at *4.  The Evans Parties argued that its third-party claim should proceed because the plaintiff and the Heartland Parties were "so interrelated" that any resulting judgment against the Heartland Parties would off-set the Evans Parties' liability to the plaintiff.  *Id.* at *5.  The district court held that the third-party complaint was improper under Fed. R. Civ. P. 14 because the Evans Parties' claims against the

11

Heartland Parties were not derivative of the plaintiff's fraud and theft claims. *Id.* at *6. The district court held that a third-party claim must be derivative of the outcome of the main claim and bring in parties that may be liable to the defendant if the defendant is found liable to the plaintiff. *Id.* at *5-6. The district court further held that Rule 14 does not allow a party to assert an unrelated claim for the purpose of offsetting the defendants' liability to the plaintiff. *Id.* at *6. The district court dismissed the Evans Parties' third-party complaint, without prejudice. *Id.* at *7.

The instant case is strikingly similar to *HEI Resources East*. Like the Evans Parties, MHI named as third-party defendants an individual and an entity which are allegedly related to Lone Star and Finlay Development. Third-Party Complaint at 3, ¶ 3 [Docket Number 29]; *HEI Resources East*, *supra*, at * 5. Similar to the Evans Parties, MHI is seeking to "setoff" its potential liability by alleging claims against third-parties for claims arising from distinct and separate agreements than the partnership agreement which is the basis for Lone Star's initial claim and the developer agreement on which Finlay Development's claim is based. Third-Party Complaint at 4-8 [Docket Number 29]; *HEI Resources East*, *supra*, at *5-6. Further, MHI, like the Evans Parties, does not allege that Third-Party Defendants are liable to it for any portion of Lone Star's and Finlay Development's claims against MHI. *See,* Third-Party Complaint [Docket Number 29]. Federal Rule of Civil Procedure 14(a)(1) clearly requires that a third-party claim be derivative of the main claim in the case and that the third-party is one that may be liable to the defendant for all or part of the plaintiff's recovery against the defendant. *Grasso*, *supra*, at 751-752; *McCain*, *supra*, at 879-850; *HEI Resources East*, *supra*, at *5-6. Contrary to the above clearly stated rules of third-party practice, MHI does not assert a derivative claim against Third-Party Defendants, but an improper, unrelated claim for the purpose of offsetting its liability to

Lone Star and/or Finlay Development.  This is improper under the applicable court rules.  *HEI Resources East*, *supra*, at *6 ("Rule 14 does not state that a defendant may bring in a third-party who is affiliated with the plaintiff, and who allegedly owes money to the defendant on an unrelated claim, for the purpose of offsetting defendant's liability to plaintiff").  MHI's Third-Party Complaint is clearly improper under Fed. R. Civ. P. 14(a)(1) and should be dismissed.

MHI's Third-Party Complaint is clearly not derivative of the complaint in intervention asserted by Finlay Development.  Finlay Development's complaint in intervention contains three counts against MHI and MHTCP: (1) breach of contract (Count I); (2) declaratory judgment (Count II); and (3) injunctive relief (Count III), in connection with the developer agreement related to the Town Parc at Amarillo project.  *See*, Finlay Development LLC's Original Complaint In Intervention [Docket Number 21].  Once again, MHI does not allege that Third-Party Defendants are liable to it for any portion of Finlay Development's claims against MHI.  *See,* Third-Party Complaint [Docket Number 29].  Federal Rule of Civil Procedure 14(a)(1) clearly requires that a third-party claim be derivative of the main claim in the case and that the third-party is one that may be liable to the defendant for all or part of the plaintiff's recovery against the defendant.  *Grasso*, *supra*, at 751-752; *McCain*, *supra*, at 879-850; *HEI Resources East*, *supra*, at *5-6.  The guarantees on which MHI is seeking relief are separate and distinct from the developer agreement Finlay Development's claims against MHI are based.  Contrary to the clearly stated rules of third-party practice, MHI does not assert a derivative claim against Third-Party Defendants, but an improper, unrelated claim for the purpose of offsetting its liability to Finlay Development.  This is improper under the applicable court rules.  *HEI Resources East*, *supra*, at *6 ("Rule 14 does not state that a defendant may bring in a third-party who is affiliated with the plaintiff, and who allegedly owes money to the defendant on an

unrelated claim, for the purpose of offsetting defendant's liability to plaintiff").  MHI's Third-Party Complaint is clearly improper under Fed. R. Civ. P. 14(a)(1) and should be dismissed.

A defendant may only assert a third-party claim where the nonparty is liable to the defendant for all or part of the plaintiff's claim asserted against it. Fed. R. Civ. P. 14(a)(1); *Grasso*, *supra*, at 751-752; *McCain*, *supra*, at 879-850; *HEI Resources East*, *supra*, at *5-6.  In the instant case, MHI does not allege that Third-Party Defendants are liable to it for the damages sought by Lone Star or Finlay Development.  *See,* Third-Party Complaint [Docket Number 29]. Rather, MHI alleges an unrelated claim against Third-Party Defendants for the purpose of offsetting its liability to Lone Star and/or Finlay Development.  *Id.* at 4-8.  The claims asserted by MHI are clearly improper as third-party claims.  Fed. R. Civ. P. 14(a)(1); *Grasso*, *supra*, at 751-752; *McCain*, *supra*, at 879-850; *HEI Resources East*, *supra*, at *6 ("Rule 14 does not state that a defendant may bring in a third-party who is affiliated with the plaintiff, and who allegedly owes money to the defendant on an unrelated claim, for the purpose of offsetting defendant's liability to plaintiff").  Therefore, dismissal of MHI's Third-Party Complaint by this Court is proper.

### 2.    Third-Party Plaintiff Is Not Entitled To Equitable Relief.

#### a)    Third-Party Plaintiff's Equitable Setoff Claim Is Improper Where Mutuality Does Not Exist.

In its Third-Party Complaint, MHI seeks equitable setoff to the claims alleged against it in the instant matter from claims it alleges against C. Finlay and Finlay Holdings.  Third Party Complaint [Docket Number 29].  MHI's equitable setoff claims are improper and should be dismissed where there is no mutuality between the claims alleged against it by Finlay Development and/or Lone Star and the obligations MHI claims it is owed by C. Finlay and

Finlay Holdings. *Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F3d 170, 175 (5th Cir. 1994).

Equitable setoff is a form of counterclaim which, "bring[s] together obligations of the parties opposing each other and, by judicial action, makes each obligation extinguish the other." *Capital Concepts*, *supra*, at 175, citing 67 Tex. Jur. 3d § 3 *Setoffs, Counterclaims and Cross Actions* (1989). The object of equitable setoff is to adjust the demands between the parties and allow recovery of the balance due. *Capital Concepts*, *supra*, at 175, citing *Anderson v. Vinson Exploration, Inc.*, 832 S.W.2d 657, 666 (Tex. App. 1998, writ denied). In order for equitable setoff to exist, both demands must mutually exist between the same parties. *Capital Concepts*, *supra*, at 175; *Brook Mays Organ Co., Inc. v. Sondock*, 551 S.W.2d 160, 166 (Tex. Civ. App. 1977); *Dallas/Fort Worth Airport Bank v. Dallas Bank & Trust Co.*, 667 S.W.2d 572, 575 (Tex. App. 1984).

In the instant case, there is no mutuality between the equitable setoff claims raised by MHI and the claims asserted by Lone Star and/or Finlay Development against MHI. As detailed above, MHI's setoff claims are brought against C. Finlay and Finlay Holdings related to alleged guarantees arising from separate and distinct contracts from the one at issue in the present matter. *See* Third-Party Complaint [Docket Number 29]. The equitable setoff claims alleged by MHI in the Third-Party complaint do not arise from obligations which are allegedly mutually owed between MHI and Lone Star and/or Finlay Development. *Id.* Rather, they are separate and distinct obligations allegedly owed by third parties unrelated to the main claims in this case. *Id.* This is clearly improper under the applicable law. *Capital Concepts*, *supra*, at 175; *Brook Mays*, *supra*, at 166; *Dallas/Fort Worth Airport Bank*, *supra*, at 575. MHI's equitable setoff claims

must be dismissed where reciprocity of obligation does not exist.  *Capital Concepts*, *supra*, at 175 (Reciprocity of obligation is required to assert equitable setoff).

Accordingly, MHI is not entitled to relief through equitable setoff and the Third-Party Complaint should be dismissed.

> **b)**     **In Any Event, Third-Party Plaintiff Is Not Entitled To Equitable Relief Where A Remedy At Law Exists.**

MHI asserts a claim for equitable relief against C. Finlay and Finlay Holdings related to amounts allegedly owed to MHI arising from guarantees executed by C. Finlay and Finlay Holdings.  Third-Party Complaint [Docket Number 29].  It is a fundamental precept of law that a party is not entitled to equitable relief where an adequate remedy at law exists.  *See e.g.*, *Cable v. United States Life Insurance Company*, 191 U.S. 288, 302 (1903); *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 596 (Tex. App. 2000); *Rogers v. Daniel Oil & Royalty Co.*, 130 Tex. 386 (1937).

In the instant case, MHI's equitable setoff claims are based on amounts it claims are due and owing by C. Finlay and Finlay Holdings arising out of two developer guarantees they signed related to distinct and separate contracts and projects from the basis of the original claims in this lawsuit.  As described in detail above, such claims are improper as third-party and equitable setoff claims.  In any event, an adequate remedy law clearly exists for MHI alleged claims against C. Finlay and Finlay Holdings.  *Frost Nat'l Bank*, *supra*, at 596; *Rogers*, *supra*, at 386.  If amounts are, in fact, owed to MHI from C. Finlay and/or Finlay Holdings based on the alleged developer guarantees, MHI can be fully and adequately compensated at law by a court determining the amounts owed and ordering payment of such amounts to MHI.  Clearly, where adequate monetary relief at law is available, MHI is not entitled to equitable relief against C. Finlay and Finlay Holdings.

        c)      **Third-Party Plaintiff Cannot Obtain Equitable Relief For Amounts Owed By A Non-Party To The Instant Action.**

In its Third-Party Complaint, MHI alleges that it is entitled to equitable setoff against C. Finlay and Finlay Holdings as guarantors for amounts allegedly owed to MHI by Finlay GP 14 and Finlay GP 21.  Third-Party Complaint at 4, ¶ 7 and at 6, ¶ 19 [Docket Number 29].  However, neither Finlay GP 14 nor Finlay GP 21 are parties to the instant action, as MHI readily admits. *Id*.  MHI cannot obtain equitable relief against C. Finlay and Finlay Holdings where necessary parties, Finlay GP 14 and Finlay GP 21, are not parties to the instant matter.  *See, Saunders v. T. B. Howard*, 51 Tex. 23, 26 (1879) (Plaintiff is not entitled to judgment until all necessary parties are included so that their respective equities may be considered and adjudicated).  As necessary parties are not included in the instant matter, namely Finlay GP 14 and Finlay GP 21, the equities of all of the indispensable parties to this action cannot be determined and MHI is not entitled to equitable relief.  *Id.*  Therefore, MHI's Third-Party Complaint should be dismissed.

        E.      **Third-Party Plaintiff's Complaint Should  Be Dismissed For Failure To Join All The Necessary Parties. Fed. R. Civ. P. 12(b)(7).**

MHI's Third-Party Complaint contains two counts of "Equitable Setoff Based On Guaranty Obligations" against C. Finlay and Finlay Holdings.  Third-Party Complaint at 4-8 [Docket Number 29].  In its Third-Party Complaint, MHI does not name the primary obligors to the debts C. Finlay and Finlay Holdings allegedly guarantied as third-party defendants.  *Id.*  MHI is required to name the primary obligor as a defendant to the instant action, and obtain a judgment against the primary obligor, in order to obtain a judgment against C. Finlay and Finlay Holdings on any guaranty of such obligation.  Tex. Civ. Prac. & Rem. § 17.001.

17

Texas statutory law requires that the principal obligor be made a party to a lawsuit, and found liable for such debt, or else a judgment cannot be rendered against a guarantor or surety. Tex. Civ. Prac. & Rem. § 17.001.  Specifically, the applicable statute states:

> (a) Except as provided in this section, the acceptor of a bill of exchange or a principal obligor on a contract may be sued alone or jointly with another liable party, but a judgment may not be rendered against a party not primarily liable unless judgment is also rendered against the principal obligor.

Tex. Civ. Prac. & Rem. § 17.001(a).  The inclusion of the primary obligor is a condition precedent to the plaintiff's right to maintain a suit against the guarantor and the burden is on the plaintiff to both plead and prove facts as to why the principal obligor was not made a party to the suit.  *Zimmerman v. Bond*, 392 S.W.2d 149, 151 (Tex. App. 1965), quoting *Republic Supply Co. v. Barrow,* 41 S.W.2d 457, 477 (Tex. App. 1931).[2]  If the plaintiff does not provide competent proof of the stated reasons to exclude the principal obligor, the suit must be abated.  *Id.*

In *Zimmerman*, the plaintiff initiated a lawsuit against S. Mort Zimmerman ("Zimmerman") for his guaranty of a loan made to Blue Sewanee Development Corporation ("Blue Sewanee").  *Zimmerman*, *supra*, at 150.  The plaintiff did not name Blue Sewanee as a plaintiff in the lawsuit.  In his amended answer and plea for abatement, Zimmerman argued that the case must be dismissed because the plaintiff failed to name Blue Sewanee as a defendant, which is a necessary party as the principal obligor to the note at issue.  *Id.*  The Texas Court of Appeals held that the plaintiff was required to add the principal obligor as a defendant, or plead and prove facts why the principal obligor could not be joined as a defendant, as a condition precedent to maintaining a suit against Zimmerman as a guarantor.  *Id.* at 151.  The court held that the plaintiff did not meet the requirements of the above condition precedent to maintaining a

---

[2] Pursuant to the Erie Doctrine, this Court must apply Texas' substantive law in diversity cases, such as this one, where no substantive federal law is at issue.

suit against Zimmerman and that the trial Court should have granted Zimmerman's plea in abatement. *Id.* at 151-152.

The instant case is similar to *Zimmerman*. In its Third-Party Complaint, MHI alleges that C. Finlay and Finlay Holdings signed two Developer Guaranty agreements in 2002, one related to Finlay Interests 14 Limited Dividend Housing Association, Limited Partnership ("Finlay 14") and one related to Finlay Interests 21, L.P. ("Finlay 21"). Third-Party Complaint at 3, ¶ 4 [Docket Number 29]. MHI admittedly does not name Finlay 14 or Finlay 21 as third-party defendants in the instant Third-Party Complaint. *Id.* In its first third-party claim, MHI seeks to enforce alleged guaranty obligations against C. Finlay and Finlay Holdings for outstanding amounts allegedly owed by Finlay Interests GP 21, LLC ("Finlay GP 21"), the alleged principal obligor, arising out of a "Project Agreement." *Id.* at 4, ¶ 7. Finlay GP 21 is admittedly not named as a party to the Third-Party Complaint. *Id.* Further, MHI does not plead any reason why Finlay 21 or Finlay GP 21 are not named as third-party defendants to the instant action. *Id.* at 4-6. Likewise, in its second third-party claim, MHI seeks to enforce an alleged guaranty obligation against C. Finlay and Finlay Holdings for alleged amounts due and owing by Finlay Interests GP 14, LLC ("Finlay GP 14"), the alleged principal obligor, arising from a second "Project Agreement." *Id.* at 6, ¶ 19. Finlay GP 14 is admittedly not named as a party to the Third-Party Complaint. *Id.* Once again, MHI does not plead any reason why Finlay 14 or Finlay GP 14 are not named as third-party defendants to the instant action. *Id.* at 6-8. MHI clearly does not meet the condition precedent of either naming the principal obligor to the suit, or pleading and proving that the principal obligor cannot be made a party to the suit, required to maintain a suit to enforce the alleged guarantees against C. Finlay and Finlay Holdings. Tex. Civ. Prac. & Rem. § 17.001;

19

*Zimmerman*, *supra*, at 151; *Republic Supply*, *supra*, at 477.  Dismissal of MHI's Third-Party Complaint against C. Finlay and Finlay Holdings is clearly proper.  *Id.*

Clearly, MHI failed to join the principal obligors in this matter.  Therefore, dismissal of MHI's Third-Party Complaint is clearly appropriate.

### III.  CONCLUSION AND REQUESTED RELIEF

Accordingly, Third-Party Defendants, Christopher Finlay and Finlay Holdings, Inc., respectfully request that this Honorable Court enter an Order providing the following relief:

A.  Granting Third-Party Defendants' Motion To Dismiss Third-Party Complaint;

B.  Dismissing Third-Party Plaintiff Multi-Housing Investments, LLC's third-party complaint against Third-Party Defendants Christopher Finlay and Finlay Holdings, Inc., with prejudice;

C.  Awarding Third-Party Defendants Christopher Finlay and Finlay Holdings, Inc. their costs and attorney fees incurred from responding to the Third-Party Complaint; and

D.  Awarding any other relief this Court deems just and equitable.

Respectfully submitted,

**TISHKOFF & ASSOCIATES PLLC.**
By: William G Tishkoff (P45165)
407 North Main Street
Ann Arbor, MI 48104
Tel: (734) 663-4077
Fax: (734) 665-1613


/s/ Jennifer L. Brant
**Attorneys for Christopher Finlay and Finlay Holdings, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 19, 2010, a true and correct copy of the above and foregoing, was served on all counsel of record via the Court's ECF systems, including:

Marvin W. Jones, Esq.
Sprouse Shrader Smith
701 S. Taylor, Suite 500
Amarillo, TX  79101

**TISHKOFF & ASSOCIATES PLLC.**
By: William G Tishkoff (P45165)
407 North Main Street
Ann Arbor, MI 48104
Tel: (734) 663-4077
Fax: (734) 665-1613

/s/ Jennifer L. Brant
**Attorneys for Christopher Finlay and
Finlay Holdings, Inc.**

21